UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                              :
                                                    :
SIMON ZAROUR,                                       :
                         Debtor.          :     **OPINION AND ORDER**
--------------------------------------------------------------x
SIMON ZAROUR,                                       :     22 CV 5058 (VB)
                        Appellant,       :
                                                    :
v.                                                  :
                                                    :
JPMORGAN CHASE BANK, N.A.,                          :
                        Appellee.        :
--------------------------------------------------------------x

Briccetti, J.:

      Appellant Simon Zarour ("Zarour"), proceeding pro se, appeals from a May 18, 2022, order of the United States Bankruptcy Court for the Southern District of New York (Hon. Robert D. Drain) dismissing his adversary proceeding against appellee JPMorgan Chase Bank, N.A. ("Chase"), for alleged fraudulent conduct in enforcing a mortgage on Zarour's real property. (Doc. #12 (the "Dismissal Order")).[1]

      For the reasons set forth below, the Dismissal Order is AFFIRMED and the appeal is dismissed.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

---

[1]    Unless otherwise noted, "Doc. #__" refers to documents filed in the adversary proceeding, Simon Zarour v. JPMorgan Chase Bank, N.A., No. 22-7012-RDD (Bankr. S.D.N.Y.). "BR-__" refers to documents filed in the underlying bankruptcy proceeding, In re Zarour, No. 18-22380-RDD (Bankr. S.D.N.Y., filed March 12, 2018). "App. Doc. #__" refers to documents filed in this Court's docket. Citations to "Dismissal Hr'g Tr." refer to the transcript of a May 13, 2022, hearing on Chase's motion to dismiss the adversary complaint, during which the Bankruptcy Court issued a bench ruling on the motion. (Doc. #13).

1

**BACKGROUND**

I.  The Mortgage Loan

On September 20, 2007, Zarour executed a mortgage (the "Mortgage") with Washington Mutual Bank, FA, for 32 Ocean Beach Avenue, Monmouth Beach, NJ 07750 (the "Property"). (See Compl. ¶¶ 23–25; Doc. #1 at ECF 97–100, Doc. #1-1 at ECF 1–12)).[2] The same day, he executed an adjustable rate note in the principal amount of $5,000,000 (the "Note") and delivered the Note to Washington Mutual Bank. (Compl. ¶ 24). The Mortgage was recorded on October 3, 2007, in the Office of the Monmouth County Clerk as Instrument #2007132080. (Doc. #1 at ECF 97).

On October 19, 2015, the Note and Mortgage were transferred to Chase by Assignment of Mortgage (the "Assignment"), which was subsequently recorded by the Monmouth County Clerk as Instrument #2015099880. (See Doc. #1-1 at ECF 78–81).

II.  Zarour's First Bankruptcy Proceeding

On September 24, 2015, shortly before the Mortgage was assigned to Chase, Zarour filed for Chapter 11 bankruptcy (the "2015 Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (Doc. #1-1 at 78–81).

The 2015 Bankruptcy Case was closed on February 18, 2016.

III.  The Foreclosure Action

On May 13, 2016, Chase commenced a foreclosure action on the Property in New Jersey Superior Court, Chancery Division, Monmouth County (the "Superior Court"). JPMorgan Chase

---

[2]  "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system. As the complaint ("Compl.") and its exhibits were not individually docketed but rather filed in three parts (Docs. ##1, 1-1, 1-2), for ease of reference, the Court uses the applicable document number(s) and ECF page number(s) in citing to the exhibits.

Bank, N.A. v. Zarour, No. F-022587-16 (N.J. Super. Ct. Ch. Div.) (the "Foreclosure Action").[3] A final judgment of foreclosure was issued on August 17, 2017 (the "Foreclosure Judgment"). Id.; see also Doc. #5-5. Zarour moved to set aside the final judgment of foreclosure and other orders entered during the Foreclosure Action. The Superior Court denied his motion on September 15, 2017. Zarour then appealed.

On January 7, 2019, while the Foreclosure Action appeal was pending, Chase purchased the Property in a sheriff's sale. (Compl. ¶ 68). The Property was transferred to Chase via a Sheriff's Deed of Foreclosure executed on January 15, 2019, and recorded by the Monmouth County Clerk on March 5, 2019. (Doc. #1-2 at ECF 28–35).

On September 24, 2019, the Appellate Division of New Jersey Superior Court (the "Appellate Division") affirmed the Foreclosure Judgment. (Doc. #5-6). The Appellate Division found Chase had demonstrated its standing to foreclose and that enforcement of the Mortgage was not barred by the statute of limitations. (Id. at 8–9).

IV. Zarour's Second Bankruptcy Proceeding

On March 12, 2018, after entry of the Foreclosure Judgment, but before the Property was sold, Zarour filed a voluntary petition under Chapter 13 of the Bankruptcy Code, which was converted into a Chapter 11 case in June 2018 (the "2018 Bankruptcy Case").[4] (BR-1, BR-18).

---

[3] The Court takes judicial notice of the documents filed in appellant's underlying and prior bankruptcy cases as well as related state and federal court actions. See Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

[4] Zarour commenced the 2018 Bankruptcy Case pro se but obtained counsel approximately two months later. (BR-1; BR-13).

On May 21, 2018, Chase filed a proof of claim related to its mortgage loan on the Property.  (BR-Claim No. 12-1).  Attached to the proof of claim were copies of the Note, Mortgage, and Assignment (Doc. #1 at ECF 48–75), whose validity Zarour now disputes.

On September 19, 2018, Chase moved for an order, pursuant to Sections 362(d)(1) and (2) of the Bankruptcy Code, vacating the automatic stay as to Chase's interests in the Property.  (BR-47).  Zarour opposed the motion on October 4, 2018.  (BR-53).

Following a hearing on October 5, 2018, the Bankruptcy Court granted Chase's motion for relief from the automatic stay so the Foreclosure Action appeal could continue.  The Bankruptcy Court subsequently issued an order memorializing its ruling, specifically providing that "the entry of this Order is without prejudice to and does not determine any rights of [Chase or Zarour] with respect to any litigation, on appeal or otherwise, of [Chase's] pursuit of a judgment of foreclosure and sale concerning the Property."  (BR-58 at 2).

On October 25, 2018, the Bankruptcy Court entered an order directing that insurance proceeds relating to the Property, including funds held by Chase, be turned over to Zarour, and authorizing him to use those funds solely to rebuild and/or repair storm damage to the Property.  (BR-61).  Zarour subsequently confirmed he received those proceeds and began repairs.  (BR-123-2 at 7).

Two months later, after a hearing on December 3, 2018, the Bankruptcy Court granted Chase full relief from the stay.  The Bankruptcy Court concluded such relief was warranted under (i) Section 362(d)(1), because Zarour and his co-borrower failed to make current mortgage payments or post-petition payments to secured creditors, and thus such creditors were not adequately protected, and (ii) Section 362(d)(2), because Zarour had no equity in the Property and failed to demonstrate the Property could be used in a plan of reorganization.  (BR-94 ("Lift-

Stay Tr.) at 20–21). On December 6, 2018, the Bankruptcy Court memorialized its ruling in an order vacating the stay "to allow [Chase's] enforcement of its rights in, and remedies in and to, the Property, including, without limitation, foreclosure and eviction proceedings." (BR-93 at 2). The order further stated that Chase and Zarour continued to be bound by prior stipulations and orders concerning insurance proceeds, and directed Chase to "promptly report and turn over to [Zarour] and any successor thereto any surplus proceeds of the Property." (Id.). However, the Court lifted the stay as to Chase's interest in any remaining insurance proceeds "in the event that [Chase] . . . rightfully obtain[s] title to the Property." (Id.).

On July 1, 2019, after purchasing the Property in a sheriff's sale, Chase moved to compel Zarour to provide an accounting of any repairs and/or rebuilding of the Property and turn over the remaining insurance proceeds. (BR-113). On September 19, 2019, Zarour filed an opposition to Chase's motion and a "cross motion" for an order (i) vacating the sheriff's sale of the Property; (ii) disallowing and expunging Chase's proof of claim for lack of standing; and (iii) reinstating the automatic stay as to the Property. (BR-123). In an accompanying affirmation, Zarour claimed—as he does again here—that the Assignment of the Mortgage to Chase violated the automatic stay in the 2015 Bankruptcy Case (BR-123-3 ¶¶ 8–9), and that Chase filed fraudulent documents to have the stay lifted in the 2018 Bankruptcy Case, including a "fabricated" version of the Note (id. ¶ 10), and "the 2015 fabricated, forged, self-assignment of mortgage." (Compl. ¶ 60). Zarour claims he learned of the purported fraud in late July 2019, after his bankruptcy counsel reviewed documents filed by Chase. (See App. Doc. #14 ("Zarour Br.") at 6).

During a hearing on September 26, 2019—two days after the Appellate Division affirmed the Foreclosure Judgment—the Bankruptcy Court ordered Zarour to provide copies of all

5

documents related to his use of the insurance proceeds, but concluded Chase's request to compel turnover of the remaining insurance proceeds was moot considering Zarour's affirmation that he spent all but $139.50 of the proceeds.  (BR-123-2 ¶ 7).  The Bankruptcy Court declined to rule on Zarour's cross motion, which it deemed to be a separate motion, because it was not filed sufficiently in advance of the hearing.  (BR-129 at 12).  The Bankruptcy Court said it would reschedule a hearing on Zarour's cross motion if he wished to pursue it, but advised Zarour and his counsel, "as a courtesy," it was "highly unlikely [the Bankruptcy Court] would ever grant" vacatur of the foreclosure because "[i]n all likelihood, it's barred by res judicata" and "all of your defenses . . . could have been raised in the state court."  (Id. at 10–11).

On February 22, 2021, the 2018 Bankruptcy Case was dismissed for cause, based on Zarour's unexcused failure to comply with reporting requirements for more than a year and his inability to confirm a Chapter 11 plan.  (BR-164; BR-168 at 32–34).

Zarour appealed the dismissal of the 2018 Bankruptcy Case.  (BR-166).  However, in November 2021, he sought to dismiss the appeal, having concluded "reinstating the case would not" provide the relief he sought, i.e., a determination that "the two creditors" lacked standing to enforce mortgages and that he was entitled to damages allegedly resulting from "the mortgage enforcement issues."  In re Zarour, No. 21-CV-6967-VB (S.D.N.Y. Nov. 28, 2021) (Doc. #21 at ECF 2).  Zarour expressed "hope[]" that he would "be permitted to file an adversary complaint or go forward in District Court" to pursue such relief.  (Id. at ECF 3).

This Court, to which the appeal had been assigned, dismissed the appeal on December 10, 2021, pursuant to Rule 8023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In re Zarour, No. 21-CV-6967-VB (Doc. # 25).  The Court offered no opinion on whether Zarour could file an adversary complaint or proceed in district court.

V.        The Adversary Proceeding

Several months earlier, Zarour had sued Chase in district court for purported fraud with respect to the Property and the 2018 Bankruptcy Case, allegedly resulting in an unlawful foreclosure and eviction and depriving Zarour of rental income from the Property. Zarour v. JPMorgan Chase, N.A, 21-CV-3566-LTS (S.D.N.Y., filed Apr. 21, 2021). On February 7, 2022, that case was referred to the Bankruptcy Court, under a standing order of reference, and subsequently docketed as the adversary proceeding at issue here. (Doc. # 1-6). The 2018 Bankruptcy Case was reopened solely to adjudicate this adversary proceeding, as well as a second adversary proceeding Zarour filed against a different creditor. (See Dismissal Hr'g Tr. at 20).[5]

On March 11, 2022, Chase filed a motion to dismiss the adversary complaint pursuant to Bankruptcy Rule 7012, which incorporates Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #3). Chase argued the bankruptcy court lacked jurisdiction over the complaint based on (i) the earlier dismissal of the underlying bankruptcy case, pursuant to In re Porges, 44 F.3d 159, 163 (2d Cir. 1995), and (ii) the Rooker-Feldman doctrine. (Doc. #3 at 6–11). Chase also argued Zarour's claims were barred by res judicata and collateral estoppel and that Zarour failed to state a claim as to any of his causes of action. (Id. at 11–16).

Zarour opposed the motion to dismiss. (Doc. #8).

---

[5]    Zarour also sued U.S. Bank, N.A., in the district court for alleged fraud with respect to a different property. That case was similarly referred to the Bankruptcy Court and docketed as an adversary proceeding, Zarour v. U.S. Bank N.A., No. 22-AP-7004 (Bankr. S.D.N.Y., filed Nov. 11, 2022). In an order dated April 7, 2022, the Bankruptcy Court dismissed that proceeding; the order was recently affirmed by the district court on appeal. See Zarour v. U.S. Bank N.A., 2023 WL 315303 (S.D.N.Y. Jan. 19, 2023). On February 21, 2023, Zarour filed a notice of appeal to the Second Circuit. Zarour v. U.S. Bank, N.A., 22-CV-3665-NSR (S.D.N.Y., filed May 5, 2022) (Doc. #19).

7

Following a hearing on May 13, 2022, the Bankruptcy Court granted Chase's motion to dismiss the adversary proceeding. Although the Bankruptcy Court rejected Chase's jurisdictional challenges based on In re Porges and Rooker-Feldman, it concluded dismissal was warranted under Rule 12(b)(6).

The Bankruptcy Court found res judicata would "preclude each of the claims asserted in the complaint and therefore lead to the grant of the motion under Rule 12(b)(6)." (Doc. #13 at 28). The Bankruptcy Court explained Zarour could—and should—have raised the allegedly fraudulent loan documents and the alleged stay violation as defenses in the foreclosure proceeding. As such, the Bankruptcy Court concluded it was bound by the Superior Court's ruling, by final order and affirmed on appeal, that Chase had satisfied the requirements for foreclosure. (See id. at 31–34). The Bankruptcy Court further found no damages flowed from Chase's allegedly fraudulent filing of a proof of claim in the 2018 Bankruptcy Case, because the proof of claim's "only bearing in the case was as a claim [to] distributions from the estate," and there were no such distributions because the Chapter 11 case was dismissed. (Id. at 32).

The Bankruptcy Court also concluded Zarour was not entitled to relief under Fed. R. Civ. P. 60(b) because he failed to make his request for relief "within a reasonable time." (Doc #13 at 34–35 (quoting Fed. R. Civ. P. 60(c))).[6]

On May 18, 2022, the Bankruptcy Court entered the Dismissal Order, granting Chase's motion to dismiss the adversary proceeding.

On June 1, 2022, Zarour filed a notice of appeal from the Dismissal Order. (Doc. #14).

---

[6] Rule 60 is incorporated by reference in Bankruptcy Rule 9024.

**DISCUSSION**

I.      Appeal from the Dismissal Order

Zarour argues the Bankruptcy Court erred by (i) dismissing his claims pursuant to Rule 12(b)(6) on the grounds that they were barred by res judicata and that Zarour did not plausibly allege damages arising from Chase's filing of the purportedly fraudulent proof of claim; and (ii) denying his request for relief under Rule 60(b).

Because the Court concludes Zarour's claims must be dismissed pursuant to the Rooker-Feldman doctrine and that, even if certain claims were not barred by Rooker-Feldman, they should nonetheless be dismissed in light of the dismissal of the 2018 Bankruptcy Case, the Court does not reach the appropriateness of the dismissal under Rule 12(b)(6) or the denial of Zarour's request for relief under Rule 60(b).

II.     Standard of Review

Pursuant to Bankruptcy Rule 8013, on appeal from the bankruptcy court, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." In re Bernard L. Madoff Inv. Sec., LLC, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), aff'd, 697 F. App'x 708 (2d Cir. 2017) (summary order).[7]

A district court "need not agree with every conclusion reached by the Bankruptcy Court and may affirm the decision on any ground supported in the record." In re Caldor, Inc.–NY, 199

---

[7] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Zarour will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

B.R. 1, 2 (S.D.N.Y. 1996), aff'd sub nom Va. Elec. & Power Co. v. Caldor, Inc.–NY, 117 F.3d 646 (2d Cir. 1997).

A district court reviews a bankruptcy court's conclusions of law de novo and its findings of fact under a clearly erroneous standard. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009). With respect to a bankruptcy court's factual findings, clear error exists only when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." In re Manville Forest Prods. Corp., 896 F.2d 1384, 1388 (2d Cir. 1990). "[T]he standard of review for a mixed question all depends—on whether answering it entails primarily legal or factual work." U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge, LLC, 138 S. Ct. 960, 967 (2018). A district court reviews a bankruptcy court's decision to deny relief under Rule 60(b) for abuse of discretion. In re Smith, 507 F.3d 64, 73 (2d Cir. 2007).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should resolve the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). And when a factual challenge to the court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

Even when a plaintiff is proceeding pro se, he "has the burden of proving by a preponderance of the evidence that such jurisdiction exists." DeBoe v. Du Bois, 503 F. App'x 85, 86 (2d Cir. 2012) (summary order). In other words, "[n]otwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." Clarkes v. L. Offs. of Michael G. Hughes, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018).

III.     Subject Matter Jurisdiction

Chase contends the Bankruptcy Court lacked jurisdiction over Zarour's complaint pursuant to the Rooker-Feldman doctrine.

The Court agrees.

The Rooker-Feldman doctrine prohibits federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Industr. Corp., 544 U.S. 280, 284 (2005)).

The Rooker-Feldman doctrine applies when four requirements are satisfied:  (i) the federal-court plaintiff has lost in state court,[8] (ii) the plaintiff complains of injuries caused by a state-court judgment, (iii) the plaintiff invites district court review and rejection of that judgment, and (iv) the state-court judgment was rendered before the district court proceedings commenced. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d at 85.

Moreover, "it is clear that [p]laintiffs cannot seek to void the state court foreclosure decisions transferring their property," as such claims are "the type of claim that Rooker-Feldman squarely forecloses, both because it addresses an injury caused by the state court judgment and because it would require the district court to review that judgment."  Dorce v. City of New York, 2 F.4th 82, 104 (2d Cir. 2021); see Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423,

---

[8]     "The Second Circuit has held that the Rooker-Feldman doctrine is applicable to debtors' complaints concerning state court foreclosure judgements [sic]."  In re Porzio, 622 B.R. 134, 139 (D. Conn. 2020) (citing Barretta v. Wells Fargo Bank, N.A., 693 F. App'x 26, 28 (2d Cir. 2017) (summary order)); see also, e.g., In re Residential Cap., LLC, 2014 WL 3057111 (Bankr. S.D.N.Y. July 7, 2014).

427 (2d Cir. 2014) (Rooker-Feldman bars claims when plaintiff "asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently").

All four Rooker-Feldman requirements are satisfied here.

First, it is undisputed that Zarour lost the Foreclosure Action.

Second, Zarour complains of injuries caused by the state-court Foreclosure Judgment, such as the loss of rental income from the Property and ownership of the Property itself. Indeed, Zarour claims that "my eviction is the direct cause of my damages." (Compl. ¶ 72; id. at ECF 3 ("plaintiff seeks actual damages consequent to his being unlawfully evicted from his property [and] loss of rents")).

In analyzing the second Rooker-Feldman requirement, the Bankruptcy Court found plaintiff also complained of injuries caused by "alleged fraudulent submissions to th[e] Bankruptcy] Court in connection with [Chase's] lift-stay motions and/or a violation of the automatic stay in the 2015 [Bankruptcy Case]." (Doc. #13 at 27). The Bankruptcy Court determined Zarour "did not specifically lose in state court on those issues themselves, and more specifically, the state court judgment is not what Mr. Zarour is complaining about." (Id.). As such, the Bankruptcy Court found the second requirement was not satisfied. (Id.)

This Court respectfully disagrees. Although Zarour brings claims for violations of the Bankruptcy Rules and the automatic stay, the gravamen of the complaint is an allegedly unlawful foreclosure and sale of the Property. (See Dismissal Hr'g Tr. at 16) ("[T]he alleged breach of the automatic stay[,] the alleged commission of fraud on the court," and "the lift-stay motion [are] all tied up in the ultimate result in the state court."). Because the harm allegedly caused by those violations "is inextricably intertwined with the state court order and judgment," Zarour's claims "should be left to the state appellate court to decide." In re Lunn, 2016 WL 5349726, at *7

(Bankr. W.D.N.Y. Sept. 23, 2016); see also Andrews v. Citimortgage, Inc., 2015 WL 1509511, at *4 (E.D.N.Y. Mar. 31, 2015) ("Plaintiffs' claim for the return of mortgage payments can only be construed as alleging injuries that occurred as a result of the Foreclosure Judgment, because that claim depends on the validity of the loan and mortgage").

Moreover, Zarour does not plausibly allege injuries caused by Chase's filing of an allegedly fraudulent proof of claim. (Dismissal Hr'g Tr. at 32; see also id. at 11 ("I didn't lift the stay because of the proof of claim. The proof of claim has a different function," i.e., "[i]t says, if there are to be distributions in the bankruptcy case, you need to pay me 'X' because of this claim. And there were no distributions in this case. In essence, the claim therefore is a dead letter, it has no consequence.")). Even if Chase submitted fraudulent documents to have the stay lifted, "[a]ll that lifting the stay does is give them the right to go to state court." (Id. at 16). And both the Superior Court and the Appellate Division concluded—without relying on the lift-stay order—that Chase had the right to foreclose. See id.

Nor has Zarour plausibly alleged he was injured by a violation of the automatic stay in the 2015 Bankruptcy Case, because the transaction he challenges—the post-petition Assignment of the Mortgage to Chase (Compl. ¶ 43)—was not a stay violation. See In re Lunn, 2016 WL 5349726, at *5 ("[C]ourts have found no automatic stay violation where a creditor merely assigned or transferred to a third-party an interest or claim against the debtor—substituting one creditor for another.").

Third, Zarour invites this Court to review and reject the state court's finding that the Note, Mortgage, and Assignment provided Chase the right to enforce the Mortgage and foreclose on the property. Zarour's contention that he "does not seek review of any orders or judgments rendered in the New Jersey courts" (Zarour Br. at 8), is belied by numerous allegations in the

13

complaint, including:  (i) "Plaintiff is asking this federal court to void the mortgage of Washington Mutual Bank . . . because of its fraudulent cut and paste signatures of both Lori and Simon Zarour" (Compl. at ECF 2); (ii) "Plaintiff seeks to void the assignment" (id. at ECF 3); (iii) "any action taken by Chase upon the subject note" was "time barred by the 6-year statute of limitations" (id. ¶¶ 15, 20); (iv) the "assignment constituted specifically a violation of" the automatic stay "and therefore should be declared void" (id. ¶ 43); (v) "This Court should vacate the foreclosure sale and also vacate the final judgment as Chase was not the legal owner of the subject property" (id. ¶ 79); and (vi) "the assignment of mortgage was made without the authority to do so" and "was fabricated to create a chain of title that otherwise does not exist" (id. ¶¶ 83, 85).

     The Bankruptcy Court found the third Rooker-Feldman requirement was not satisfied because the New Jersey courts did not specifically rule on whether Chase violated the automatic stay in the 2015 Bankruptcy Case, or whether Chase submitted fraudulent documents in connection with the lift-stay motion in the 2018 Bankruptcy Case.  (See Dismissal Hr'g Tr. at 27–28).   But granting Zarour the relief he seeks—voiding the Mortgage and Assignment and vacating the foreclosure judgment and sale, or granting him monetary damages for lost rental income due to the foreclosure—would require this Court to reject the state-court judgment.  See Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d at 427 (barring plaintiff's request for the "federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently" under Rooker-Feldman because it would require the federal court "to determine whether the state judgment was wrongfully issued"); Conte v. Mortg. Elec. Registration Sys., 2015 WL 1400997, at *3 (E.D. Pa. Mar. 27, 2015) ("[A] finding that [the mortgagee] did not

14

have a proper interest in the mortgage through a valid assignment would be tantamount to a reversal of the state court's foreclosure decision.").

Fourth, a final judgment of foreclosure was issued on August 17, 2017, and affirmed on September 24, 2019, long before Zarour commenced the underlying adversary proceeding.

Accordingly, the Court concludes Zarour's claims must be dismissed for lack of subject matter jurisdiction pursuant to Rooker-Feldman, and thus affirms the Bankruptcy Court's Dismissal Order on that ground.

IV.   Discretionary Dismissal of Adversary Proceeding

Even if Rooker-Feldman did not bar consideration of certain claims involving injuries not directly arising from the Foreclosure Judgment, such as Chase's alleged conversion of the insurance proceeds, the Bankruptcy Court's dismissal of those claims must be affirmed, albeit on different grounds. Specifically, retaining jurisdiction here would be inconsistent with the principles enumerated in In re Porges.

Because a bankruptcy court's jurisdiction over adversary proceedings "depends on the proceedings' nexus to the underlying bankruptcy case," such proceedings "ordinarily should be dismissed following the termination of the underlying bankruptcy case." In re Porges, 44 F.3d 159, 163 (2d Cir. 1995). A court may, in its discretion, retain jurisdiction over the adversary proceeding, when consistent with "judicial economy, convenience to the parties, fairness and comity." Id.

The 2018 Bankruptcy Case was dismissed for cause more than two years ago, and was reopened solely to adjudicate Zarour's two adversary proceedings against mortgagees. Indeed, "this appears to be solely an action by which Mr. Zarour seeks recovery" for himself rather than "for his bankruptcy estate." (See Dismissal Hr'g Tr. at 25–26). Under these circumstances, and

15

having determined Rooker-Feldman bars the fundamental relief Zarour seeks—a determination that Chase lacked the right to foreclose on the Property, as well as damages arising from the allegedly unlawful foreclosure—the Court concludes the adversary proceeding should be dismissed in its entirety for lack of subject matter jurisdiction.

## CONCLUSION

The Bankruptcy Court's Dismissal Order is AFFIRMED and the appeal is dismissed.

The Clerk is instructed to terminate the pending appeal and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: March 13, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge